**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **ERA FRANCHISE SYSTEMS, LLC,** formerly known as **ERA FRANCHISE SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**REALTY LINC, INC., D/B/A ERA REALTY CENTER**, a Nebraska corporation,<br>AND<br>**GARY T. THOMPSON**, an Individual,<br>AND<br>**THOMPSON INVESTMENTS, INC.,**<br>a Nebraska corporation,<br><br>Defendants. | 8:08CV149<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

**IT IS ORDERED THAT:**

1. Information produced or exchanged in the course of this action (the "Litigation") may be classified as "Confidential Information" by any party to the Litigation ("Party" or "Parties"). "Confidential Information," as used in this Order, means any commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), including documents of any nature (including, but not limited to, paper or electronic documents), deposition testimony, discovery responses and information revealed during a deposition or in an interrogatory answer, or otherwise that is so designated in good faith by any Party.

2. "Qualified Person" as used in this Order means:

    (a) Counsel of record in this Litigation and employees and staff personnel of their law firms to whom it is necessary that Confidential Information be shown for purposes of defending or prosecuting this Litigation; and

    (b) Persons retained by any Party or its attorneys of record in this Litigation to whom it is necessary that Confidential Information be shown for the purpose of defending or prosecuting this Litigation; and

    (c) Any employees of Parties to this Litigation who are actively involved in the Litigation, including any in-house counsel for the Parties; and

    (d) Court reporters used during the course of depositions in the case.

3. Any Qualified Person given access to any Confidential Information must first sign a document in the form of "Exhibit 1," attached hereto. Each such executed document

shall be retained by the attorneys of record for the Party that is disclosing such Confidential Information until further Order of this Court.

4. Confidential Information shall include all documents and copies of such documents which a Party has designated as Confidential Information either by so designating the same in its production of such documents, or by marking the initial page: "CONFIDENTIAL," or, in the case of documents or information produced by third-parties pursuant to process issued in the Litigation, by notifying the other Parties of such designation. In lieu of marking the originals of such documents, any Party may mark the copies of such documents that are produced or exchanged.

5. Any deposition of a Party or one of its present or former officers, directors, employees or agents, or of an independent expert retained by a Party for purposes of this Litigation, or by a non-party possessing information considered confidential by a Party, may be designated by that Party as Confidential Information by indicating on the record at the deposition that the testimony and any designated exhibits thereto are confidential and subject to the provisions of this Order. The Party may also designate portions or exhibits of a deposition as confidential by notifying all Parties in writing, within ten (10) business days of receipt of the full and complete transcript of said deposition. All depositions will be treated as Confidential until the expiration of the ten-day period. The use in any deposition of documents already designated as Confidential Information (as exhibits or shown to the deponent or otherwise employed) shall be considered Confidential Information and subject to the provisions of this Order without further action or designation.

6. Any information designated as Confidential Information shall not be made available to any person or entity other than the Court, Qualified Persons, or the Party who produced the Confidential Information. Qualified Persons who receive Confidential Information shall use it solely for the purpose of prosecuting or defending this Litigation.

7. Any third party from whom information is sought in connection with this Litigation shall be provided a copy of this Protective Order and shall be entitled to invoke the protection of this Protective Order. Nothing herein shall authorize a third-party to receive copies of any Confidential Information of any other third party or Party to this case.

8. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Party designating the material as Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

9. The inadvertent or unintentional disclosure by a Party of Confidential Information, or information subject to an evidentiary privilege or immunity, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or its rights under this Protective Order, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter, provided the Party makes the confidential designation or claims the privilege or immunity promptly following discovery of the disclosure.

10. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event any Party disagrees at any stage of the proceedings with the designation by a Party of any information as Confidential Information, the Parties shall try first to resolve of such dispute in good faith on an informal basis. If the dispute cannot be

resolved informally, the Party seeking the disclosure of the information may apply for appropriate relief from the Court, which shall be permitted to conduct an *in camera* inspection of the Confidential Information with said Confidential Information being held under seal pending a ruling on their confidentiality.  The party asserting the confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

      11.    All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of Court.  When possible, only confidential portions of filings with the Court shall be filed under seal.  This Order shall not apply to the trial of this case.  Upon motion of a person claiming protection under this Protective Order, the Court will consider protection of Confidential Information at trial.

      12.    At the conclusion of this Litigation, all originals and copies of any documents containing Confidential Information shall be returned to the producing Party or, upon request by the producing Party, destroyed.

      13.    The provisions of this Protective Order shall continue to be binding after the conclusion of this Litigation, except that a Party may seek the written permission of the designating Party or further order of the Court with respect to dissolution or modification of the Protective Order.  Such request for dissolution or modification of the Protective Order may also be made by any Party at any time during the pendency of the Litigation.

      DATED this 21st day of November, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

| Submitted and Agreed Upon by: | |
|---|---|
| BRASHEAR LLP | BAIRD HOLM LLP |
| By: s/Mark J. Daly | By:  s/Gretchen L. Twohig |
| Mark J. Daly (#15373) | Gretchen L. Twohig  (#22490) |
| Scott E. Daniel (#10901) | 1500 Woodmen Tower |
| North Old Mill | 1700 Farnam Street |
| 711 North 108th Court | Omaha, Nebraska 68102 |
| Omaha, NE 68154 | (402) 344-0500 |
| (402) 348-1000 | (402) 344-0588 (facsimile) |
| (402) 348-1000 (facsimile) | gtowohig@bairdholm.com |
| sed@brashearlaw.com | AND |
| mjd@brashearlaw.com | Edward R. Spalty |
| ATTORNEYS FOR DEFENDANTS | Darren K. Sharp |
| | Armstrong Teasdale LLP |
| | 2345 Grand Boulevard, Suite 2000 |
| | Kansas City, Missouri 64108-2617 |
| | (816) 221-3420 |
| | (816) 221-0786 (facsimile) |
| | espalty@armstrongteasdale.com |
| | dsharp@armstrongteasdale.com |
| | ATTORNEYS FOR PLAINTIFF |

## **ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order, which was entered by the United States District Court for the District of Nebraska in the case captioned, *ERA Franchise Systems, LLC v. Realty Linc, Inc., et al.*, Case No. 8:08-CV-149, and that he/she is a "Qualified Person" contemplated in the Stipulated Protective Order entitled to access to Confidential Information as designated by one of the parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Stipulated Protective Order.

Dated:_____                                              _____Signature
                                                                                 _____Title or Position

STATE OF _____        )
                                                        ) ss.
COUNTY OF _____         )

On this ____ day of _____, 2008, before me, the undersigned, a Notary Public, personally appeared _____, to me known to be the same person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free and voluntary act and deed.
_____Notary PublicMy Commission Expires:

**EXHIBIT 1**

DOCS/886282.1

4