IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERA FRANCHISE SYSTEMS, LLC, <br> f/k/a ERA FRANCHISE SYSTEMS, INC., | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 8:08CV149 |
| vs. | ) <br> ) | ORDER |
| REALTY LINC, INC., <br> d/b/a ERA REALTY CENTER, <br> GARY T. THOMPSON and <br> THOMPSON INVESTMENTS, INC., | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Strike Defendants' Jury Demand (Filing No. 38). The plaintiff filed a brief (Filing No. 39) and an index of evidence (Filing No. 40) in support of the motion. The defendants did not file any opposition to the motion.

The plaintiff alleges that the plaintiff and Realty Linc, Inc. entered into three separate ERA Franchise Systems, Inc. Membership Agreements (hereinafter Membership Agreements) to operate real estate brokerage offices in Lincoln, Omaha, and Grand Island, Nebraska. The Membership Agreements provided Realty Linc the use of the plaintiff's protected trade name and marks in exchange for payment of royalty fees. The plaintiff contends there is a jury trial waiver provision contained in the Membership Agreement at issue in this case. Accordingly, Realty Linc., Inc. and Gary Thompson voluntarily waived any right they might have to a jury trial. The plaintiff also asserts Thompson Investments, Inc. does not have a right to jury trial in the claim against him, which seeks equitable relief.

Federal Rule of Civil Procedure 38(a) states the right of trial by jury as declared by the Seventh Amendment, or as given by federal statute, "is preserved to the parties inviolate" in suits at common law. A party may waive that right expressly or impliedly. *Commodity Futures Trade Comm. v. Schor*, 478 U.S. 833, 848-49 (1986); *Bostic v. Goodnight*, 443 F.3d 1044, 1047 (8th Cir. 2006); *Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967). Agreements waiving the right to a

jury trial in federal court are not illegal nor contrary to public policy. *Cooperative Finance Assoc. v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995). The party seeking to enforce waiver must demonstrate the waiver was knowing and voluntary under the circumstances, by, for example, showing the waiver provision was clear and unambiguous. *Id.* at 1171-72.

Paragraph 24J of the Membership Agreements at issue in this case provides:

> **WAIVER OF JURY TRIAL. The parties waive their right to a jury trial in any action related to this Membership Agreement or any aspect of the relationship between the Member, ERA, any guarantor, and their respective successors and assigns.**

**See, e.g.,** Filing No. 1, Ex. A Membership Agreement p. 31 (bold in original). The Membership Agreements were signed by Gary T. Thompson on behalf of Realty Linc, Inc. **See** *id.* The plaintiff also shows Mr. Thompson is a professional real estate broker licensed in Nebraska and Iowa and the sole shareholder and officer of Realty Linc., Inc., and Thompson Investments, Inc. **See** Filing No. 40, Ex. A - Thompson Depo. p. 14, 21, 119. Based on the evidence before the court, the plaintiff has demonstrated the defendants Gary T. Thompson and Realty Linc., Inc. have knowingly and voluntarily waived their rights to a jury trial on the plaintiff's complaint.

Under the present circumstances, Thompson Investments, Inc. does not have a right to jury trial. In this action, the plaintiff filed suit against Thompson Investments, Inc. seeking to set aside fraudulent conveyances, as well as to restrain Thompson Investments, Inc. from transferring certain real estate. **See** Filing No. 1 - Complaint p. 20 Count VI. The plaintiff's claim against Thompson Investments, Inc. is an equitable claim seeking equitable remedies for the alleged fraudulent conveyances undertaken by Gary Thompson. **See** *Comcast v. Multi-Vision Elecs.*, 504 F. Supp. 2d 740, 747 (D. Neb. 2007) (noting that a creditor can "call upon the equitable powers of the court" when it seeks to set aside a transfer of property which defrauds a creditor); *Parker v. Parker*, 681 N.W.2d 735, 741 (Neb. 2004) (recognizing that an action based on Nebraska's Uniform Fraudulent Transfer Act is equitable in nature).

For the reasons stated above, the plaintiff's motion to strike the jury demand made by the defendants is granted. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Strike Defendants' Jury Demand (Filing No. 38) is granted. The defendants' demand for trial by jury is stricken, any trial in this matter will proceed without a jury.

DATED this 23rd day of February, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge
