IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERA FRANCHISE SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV149 |
| | ) | |
| v. | ) | |
| | ) | |
| REALTY LINC, INC., a Nebraska | ) | MEMORANDUM AND ORDER |
| Corporation, GARY T. THOMPSON, an | ) | |
| Individual, and THOMPSON | ) | |
| INVESTMENTS, INC., a Nebraska | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for summary judgment, Filing No. 48.  This is an action for breach of a franchise agreement and trademark infringement under the Lanham Act, 15 U.S.C. § 1051.  Jurisdiction is based on 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

The plaintiff, ERA Franchise Systems, LLC (ERA), alleges in its amended complaint that the defendant Realty Linc, Inc. (Realty Linc) breached three franchise agreements with ERA by failing to make payments due and infringed its trademark by continuing to use its trademark after termination of the agreement.  It further alleges that defendants Realty Linc and Gary T. Thompson (Thompson) defaulted on a development advance promissory note, and defendants Thompson and Thompson Investments, Inc. (Thompson Investments) breached personal guarantees.  ERA also alleges that defendant Thompson fraudulently conveyed assets.  ERA seeks an injunction, an accounting, compensatory damages, treble damages, attorney fees, and prejudgment interest and costs for Lanham Act violations, monthly fees and contributions and lost future profits under the franchise agreements, and seeks to set aside conveyances under the Nebraska Fraudulent Conveyances Act, Neb. Rev. Stat. § 36-708.

In their amended answer, defendants allege that they were fraudulently induced to enter into the agreements by material misrepresentations by ERA and assert that they are relieved of obligations under the agreements because ERA failed to perform its obligations. Further, they deny continued use of ERA's trademark and deny making any fraudulent transfers, contending the transfers were legitimate and related to divorce proceedings. Defendants also assert the equitable defense of unclean hands. The parties agree that New Jersey law governs the contracts.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACANDS, Inc.*, 179 F.3d 609, 611 (8th Cir. 1999). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if a defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Johnson v. Crooks*, 326 F.3d 995, 1006 (8th Cir. 2003). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id*.

In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Id.* "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations."

*Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

The court has reviewed the evidence submitted in support of and against the plaintiff's motion. *See* Filing Nos. 49, 51, 56 & 58, Indices of Evidence. The court finds there are genuine issues with respect to numerous material facts. The evidence is generally controverted with respect to whether and to what extent Realty Linc failed to make payments due under the agreements and whether ERA failed to perform its obligations under the agreements. Further, the defendants have presented evidence that creates a genuine issue of material fact on their legal and equitable defenses. The evidence with respect to whether and when ERA's trademarks were removed from the defendants' advertisements, signs and Web sites is also in dispute. Also, the question of whether any allegedly fraudulent transfers were made with intent to defraud is a question of fact. Resolution of these issues will require a credibility determination. The court finds that the plaintiff has not shown that it is entitled to judgment as a matter of law on its claims. Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment is denied.

DATED this 1st day of September, 2009.

BY THE COURT:


s/ Joseph F. Bataillon_____
Chief District Judge